# Order

**Michigan Supreme Court**
**Lansing, Michigan**

February 2, 2007

132448

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

_____

IN RE CAMERON MAURICE CHESTER, Minor.

_____

DEPARTMENT OF HUMAN SERVICES,
          Petitioner-Appellee,

v

EVELYN CHESTER,
          Respondent-Appellant.

_____/

SC: 132448
COA: 272775
Oakland CC
Family Division: 06-718341-NA

On order of the Court, the application for leave to appeal the September 15, 2006 order of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals for consideration as on leave granted, and DIRECT that court to decide the case on an expedited basis.

KELLY, J., concurs and states as follows:

I agree with this Court's decision to remand this case to the Court of Appeals for consideration as on leave granted. I write separately to highlight the unusual facts of this case.

The Oakland Circuit Court, Family Division, entered an order terminating respondent's parental rights to her minor son. Respondent filed a request for the appointment of appellate counsel. Notwithstanding the fact that respondent filed her request more than 14 days after the court terminated her parental rights,[1] the trial court granted her request and appointed appellate counsel. Appellate counsel filed a claim of

_____
[1] MCR 7.204(A)(1).

appeal on respondent's behalf on September 5, 2006, which the Court of Appeals denied. Respondent filed a motion for reconsideration.

The Court of Appeals denied the motion, reasoning that it could not accept a delayed application for leave to appeal because more than 63 days had elapsed since the trial court terminated respondent's parental rights. See MCR 3.993(C)(2). It appears, on the basis of the Court of Appeals reference to MCR 3.993(C)(2),[2] that it would have treated the claim of appeal as an application for leave to appeal, had it been filed within 63 days. I believe that this would have been the proper course to take. On remand, it should be noted that the 63rd day following the entry of the order terminating respondent's parental rights was Labor Day. MCR 1.108(1) provides that, if the last day of the period is a holiday, the period runs until the end of the next day.

Therefore, respondent's September 5, 2006, claim of appeal, which the Court of Appeals properly treated as an application for leave to appeal, was filed within 63 days following the order terminating respondent's parental rights. Accordingly, because the appeal was timely filed, the case has been remanded for consideration as on leave granted.

CORRIGAN, J., dissents and states as follows:

I respectfully dissent from the majority's decision to remand this case to the Court of Appeals for consideration as on leave granted. The Court of Appeals did not err in dismissing respondent's claim of appeal for lack of jurisdiction.

In this case, the trial court entered an order terminating respondent's parental rights to her son. In order to perfect an appeal of right, respondent was required to either file a claim of appeal or seek the appointment of appellate counsel within 14 days of the entry of the order terminating her parental rights. MCR 3.977(I)(1)(c), 7.204(A)(1)(c). Here, respondent waited until 48 days after entry of the order terminating parental rights to request the appointment of counsel. The trial court nonetheless appointed counsel, and a claim of appeal was filed on respondent's behalf 64 days after entry of the order terminating parental rights.

The Court of Appeals dismissed the claim of appeal for lack of jurisdiction because respondent "failed to request the appointment of appellate counsel within 14 days of the entry of the July 3, 2006 order terminating her parental rights. MCR 3.977(I)(2), 3.993(A)(2), 7.203(A)(2), and 7.204(A)(1)(c)." Unpublished order of the Court of Appeals, entered September 15, 2006 (Docket No. 272775). Respondent moved for reconsideration of the dismissal of the claim of appeal. The Court of Appeals denied

---

[2] The Court of Appeals order transposed the numbers of the court rule and mistakenly referenced MCR 3.933(C)(2).

reconsideration, and then stated: "Furthermore, this Court cannot accept a delayed application for leave to appeal as more than 63 days have elapsed since the Oakland Circuit Court, Family Division entered the July 3, 2006 order terminating appellant's parental rights. MCR 3.933(C)(2) [sic, 3.993(C)(2)] and 7.203(B)(4)." Unpublished order of the Court of Appeals, entered October 25, 2006 (Docket No. 272775).

The court rules cited by the Court of Appeals fully support its dismissal of the claim of appeal. The time limit for an appeal of right is jurisdictional. MCR 7.204(A). An appeal of right from an order terminating parental rights must be taken within 14 days after entry of the order. MCR 7.204(A)(1)(c). If a request for the appointment of appellate counsel is made within 14 days, the claim of appeal must be filed within 14 days of the request for counsel. MCR 3.977(I)(1) and (2). In short, to perfect a claim of appeal, respondent was required to file either a claim of appeal or a request for the appointment of appellate counsel within 14 days after the entry of the order terminating her parental rights.

Here, it is *undisputed* that respondent failed to file either a claim of appeal or a request for counsel within the time required by the rules. Thus, the Court of Appeals correctly determined that it lacked jurisdiction and dismissed the claim of appeal.

This Court's order does not explain why it is upsetting the Court of Appeals application of the jurisdictional rules. In her concurring statement, Justice Kelly purports to divine an unstated intent by the Court of Appeals to treat "the claim of appeal as an application for leave to appeal, had it been filed within 63 days." *Ante* at 1. She further opines "that this would have been the proper course to take." *Id.* She indicates that because of the Labor Day holiday, respondent's claim of appeal, *if treated as an application for leave to appeal*, would have been timely because the last day of the period was a holiday, and the period thus ran until the end of the next day under MCR 1.108(1).

I do not dispute Justice Kelly's calculation that, because of the Labor Day holiday, the 63 days for filing a delayed application for leave to appeal did not expire until the end of the day after the holiday. *But her calculation is entirely irrelevant to the issue before us.* That is because respondent did *not* file a delayed application for leave to appeal. Nor did the Court of Appeals treat the claim of appeal as a delayed application. On the contrary, the Court of Appeals dismissed the claim of appeal because respondent did not satisfy the jurisdictional requirements for filing a *claim of appeal*—the order explained that respondent did not request counsel within 14 days of the order terminating her parental rights.

Justice Kelly has misconstrued the Court of Appeals order denying reconsideration as reflecting some sort of hidden intent to treat the claim of appeal as a delayed application. But the order expresses no such intent. The Court of Appeals merely observed, *after* denying reconsideration, that, "*[f]urthermore*, this Court cannot accept a

delayed application for leave to appeal as more than 63 days *have* elapsed since the" entry of the order terminating parental rights. (Emphasis added.) This language reflects that the Court of Appeals was simply observing, *after* denying reconsideration, that, *as of that date*, it was by then too late for respondent to file a delayed application. That is why the Court of Appeals stated that more than 63 days "*have*" elapsed. It did *not* remotely purport to say that the 63-day period *had* expired on the day after Labor Day, and that if the period had not expired on that day, it would have treated the claim of appeal as a delayed application. Thus, the record does not support Justice Kelly's view that the Court of Appeals harbored an unexpressed desire to treat the claim of appeal as a delayed application.

Accordingly, I would deny leave to appeal because the Court of Appeals did not err in its application of the jurisdictional court rule provisions.

YOUNG, J., joins the statement of CORRIGAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 2, 2007

_____
Clerk

s0130